Brady, J.
The only issue remaining on the third-party claim by Walsh/O’Connell Joint Venture (Walsh/O’Connell) against the Massachusetts Turnpike Authority (MTA) is whether the MTA is entitled to an award of legal fees incurred as a result of defending *42 the third-party claim. For reasons set forth herein, I rule that it is not.
From the Statement of Agreed Facts, the following may be gleaned. In 1995 the Massachusetts Highway Department (the Department) awarded a contract to Walsh/O’Connell for the construction of a parking garage, an improvement to the MBTA orange line Haymarket Station and a ventilation building to supply fresh air to the Central Artery Tunnel. The contract (C15A3) includes a general indemnity clause, §7.25:
The Contractor shall indemnify and hold harmless the Commonwealth, the Department, . . . against any and all suits, claims and legal liability of every name and nature which any of the above-named parties may sustain, incur or be required to pay, including attorneys fees, arising out of or in connection with the Work by reason of any action or inaction of the Contractor . . .
The plaintiff M.J. Flaherty Company (Flaherty) subcontracted with Walsh/O’Connell to do HVAC work on the project.
In July 1998, the MTA, which had taken over the administration of the contract, issued a stop work order. As a result of consequent delays, Walsh/O’Connell claimed additional costs in excess of $32 million. In December 1999, the MTA and Walsh/O’Connell settled the delay claim for $11,522,673. As part of the contract modifications entered into as part of the settlement, the parties entered into another indemnify agreement as follows:
Contractor shall indemnify and hold the Department . . . harmless from any damage, cost, loss, claim from, or liability to any Subcontractor or Supplier of any tier, or any employee of WOC or any of the foregoing, relating to or arising from any matter settled hereunder.
In addition, Walsh/O’Connell released the Department from any further liability for claims of Walsh/O’Connell or its subcontractors relating to the contract modifications.
Walsh/O’Connell, with the $11.5 million settlement, was apparently successful in resolving most of the subcontractors’ claims for delay damages arising out of the stop work order. It was not, however, successful in resolving Flaherty’s claim.
In February 2000, Flaherty brought this action against Walsh/O’Connell asserting three claims: (1) failure to pay base contract amounts; (2) failure to pay change order amounts; and (3) delay damages arising from the July 1993 stop work order.
Pursuant to Rule 14, Mass. Rule Civ. P., Walsh/O’Connell then filed a third-party complaint against the MTA seeking “indemnity” for Flaherty’s first two claims. Walsh/O’Connell did not seek indemnity for Flaherty’s delay damages claim evidently recognizing that under the settlement it was responsible for subcontractor delay claims. The crux of Walsh/O’Connell’s third-party complaint was that it did not pay Flaherty’s contract balance and change order claims because the MTA had rejected those claims and refused to pay Walsh/O’Connell for them. The third-party complaint was filed on May 30, 2000.
On June 15, 2000, pursuant to G.L.c. 30, §39F, Flaherty asserted against the Department a demand for direct payment in the amount of $447,323.63 to cover (1) contract balance of $42,113.68; (2) change orders in the amount of $10,698.20; and (3) extra costs arising from delays in the amount of $394,511. Walsh/O’Connell disputed Flaherty’s direct payment demand. The Department originally determined to take no action on the direct payment demand as the claim was not identified as a “periodic estimate” claim as that phrase is used in §39F. On September 19, 2000, the Department changed position and determined to withhold from Walsh/O’Connell payment of the full amount of Flaherty’s claim.
On May 13, 2002, Walsh/O’Connell filed an amended third-party complaint which raised as an additional claim that the MTA had improperly withheld payment from Walsh/O’Connell because G.L.c. 30, §39F did not authorize direct payment in the circumstances. It sought a declaratory judgment that the funds may not be withheld pursuant to the statute.
The MTA never answered either the third-party complaint or the amended third-party complaint. Apparently these parties agreed, at a conference with Justice Muse on October 21, 2002, to attempt to resolve all issues; and if they could not, to proceed with the filing of cross motions for summary judgment. Counsel for the MTA entered his appearance on October 23, 2001. Evidently Walsh/O’Connell and the MTA were able to resolve a significant number of the issues between them, leaving only the issue of attorneys fees for resolution by the court.

Discussion

Two arguments raised by the MTA can be promptly disposed of. First, it argues that the amended third-party complaint should be dismissed because the Massachusetts Highway Department, not the MTA, was the contracting party. One should be careful of what it asks for because it might get it. The MTA’s argument for fees, the only issue still dividing these parties, depends on the indemnity and release provisions in the underlying contracts. If the MTA is dismissed because it was not the contracting party, it cannot rely on the contract provisions for an award of fees. The only basis for imposing the MTA’s fees on Walsh/O’Connell would be a bad faith claim under G.L.c. 231, §6F, which is not argued. In any event, the argument comes too late. It should have been raised by answer to the third-party complaint or by motion under Rule 12(b). I regard the contention as waived.
Second, the MTA argues that the amended third-party complaint should be dismissed because Rule 14 does not apply. I disagree. Rule 14 is the proper *43 procedural vehicle to bring the interested parties before the court. Walsh/O’Connell answered Flaherty’s complaint by asserting it did not pay the contract balance and change order claims because the MTA rejected them. Rule 14 permits a third party to be brought in “who is or may be liable to him for all or part of plaintiffs claim against him.” The resolution of the issues raised by Flaherty’s contract balance and change order claims would be determinative of both Walsh/O’Connell’s liability to Flaherty, and the MTA’s liability to Walsh/O’Connell. This is exactly the purpose served by Rule 14, namely “telescoping” litigation, and resolving in one case what would otherwise require two. Likewise, the amended third-party complaint raising the issue of the legality of the MTA’s withholding funds on the demand for direct payment by Flaherty was appropriate and within the scope of Rule 14.
To get to the main point, the MTA now will release the disputed funds to Walsh/O’Connell, but seeks to deduct from the amount of funds withheld legal fees incurred in defending the third-party action. It relies, first, on the general indemnity clause in the original contract:
The Contractor shall indemnify and hold harmless the Commonwealth, the Department, . . . against any and all suits, claims and legal liability of every name and nature which any of the above-named parties may sustain, incur or be required to pay, including attorneys fees, arising out of or in connection with the Work by reason of any action or inaction of the Contractor . . .
I do not construe this language as including the third-party claim involved here. An indemnification clause must be construed “. . . with reference to the situation of the parties when they made it and to the object sought to be accomplished.” Shea v. Bay State Gas Co., 383 Mass. 218, 223 (1981). What the indemnity language was no doubt intended to cover was “suits, claims and legal liability” which the MTA may incur should a third-party claim against the MTA “in connection with the Work.” I do not read it as including claims or lawsuits by the contractor, Walsh/O’Connell, against the MTA.
The indemnity provision in the contract modification likewise does not provide a basis for the MTA to recover its fees:
Contractor shall indemnify and hold the Department . . . harmless from any damage, cost, loss, claim from, or liability to any Subcontractor or Supplier of any tier, or any employee of WOC or any of the foregoing, relating to or arising from any matter settled hereunder.
This indemnity clause is specific; it contemplates liability of the Department to “any Subcontractor or Supplier ... or any employee . . . relating to . . . any matter settled hereunder” (namely, the delay damages arising from the 1993 stop work order). Walsh/O’Connell by its third-party complaint never sought to pass off to the MTA any delay damages that it might wind up owing to Flaherty. Walsh/O’Connell correctly recognized that that was settled between Walsh/O’Connell and the MTA, and it was Walsh/O’Connell’s responsibility to resolve with Flaherty any delay damages that Flaherty might claim. The contention of Walsh/O’Connell was and is that the MTA did not act properly within G.L.c. 30, §39F in withholding payments otherwise due to Walsh/O’Connell. Seeking a declaratory judgment on that issue was proper, and apparently resolved in favor of Walsh/O’Connell in negotiations between the parties. I see no basis in the indemnify clause to impose the MTA’s legal fees on Walsh/O’Connell. The general American rule applies, namely that each party to a litigation shall bear its own legal fees.

ORDER

The motion for summary judgment of the MTA is DENIED. The cross motion for summary judgment of Walsh/O’Connell is ALLOWED. When the entire case is ripe for judgment, a declaratory judgment shall enter that the MTA may not withhold its legal fees from the amounts which it has agreed to pay Walsh/O’Connell in settlement of the amended third-party claim. In addition, pursuant to the agreement of the parties, a declaratory judgment will enter that the MTA’s payment of funds withheld to Walsh/O’Connell shall include a pro tanto interest computed at a rate typical of rates paid on funds that the Department withheld under G.L.c. 30, §39F during the same period.
A status conference to consider what else needs to be done to bring this case to a conclusion is scheduled for 2:00 p.m. on March 25, 2003.